## In re STEARNS.

(District Court, D. North Dakota, W. D.   November 10, 1922.)

**Exemptions ⬤⟶21—Claimant held "head of family"; "residing with him."**

Bankrupt, at the time of bankruptcy unmarried and residing at a hotel, but maintaining and supporting a minor adopted daughter at a convent school, *held* entitled to statutory exemptions as head of a family under Comp. Laws, N. D. 1913, § 5626, defining "heads of a family" as "every person who has residing on the premises with him or her, and under his or her care and maintenance, either his or her child  *  *  *  whether by birth or adoption"; the residence of the daughter while absent at school being with him, within the meaning of the statute.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Head of a Family.]

In the Matter of L. C. Stearns, bankrupt.   On review of order of referee denying bankrupt's claim to exemptions.   Reversed and remanded.

Palda & Aaker, of Minot, N. D., for bankrupt.
Bosard & Twiford, of Minot, N. D., for trustee.

MILLER, District Judge.   This matter comes before the court on the petition of the bankrupt for a review of an order by the referee sustaining the trustee's refusal to allow claimed exemptions to the bankrupt.   The facts are not in dispute and are epitomized in the opinion of the referee as follows:

"There is no dispute upon the facts, the question involved being one of law.   The bankrupt has a minor adopted daughter, whom he has supported since the adoption about five years ago.   During all that period she has spent most of her time at a convent school, but for two years, when Mr. Stearns and his then wife, the child's mother, were living together, she spent her vacations home with them.   About three years ago Mr. Stearns and his wife were divorced, and apparently, according to the statements of counsel, no clause was inserted in the divorce decree providing for the custody or maintenance of the child.   It was understood that Mr. Stearns was to support her, as he has continued to do.   Since his divorce Mr. Stearns maintains no home, but lives at a hotel and his daughter has not visited him, although he has visited her, and spends at least a part of her vacations with her mother."

It does not affirmatively appear from the record whether or not a permanent residence of the child with the father is contemplated when she has finished her school.

On the above state of facts, the referee found as a matter of law that the bankrupt was not the head of a family within the meaning of section 5626, chapter 51, and section 7729 of chapter 12, of the Compiled Laws of North Dakota for 1913, and therefore not entitled to the exemptions claimed.   Section 5626 defines the "head of a family" as:

"Every person who has residing on the premises with him or her and under his or her care and maintenance, either: (a) his or her child,  *  *  * whether by birth or adoption."

The exemption of personal property is provided for in sections 7729, 7730, and 7731, et seq., of chapter 12, Compiled Laws, which, so far

as pertinent to the issue here, is contained in section 7729, providing that—

"Except as hereinafter provided the property mentioned in this chapter is exempt to the head of a family as defined by chapter 51 of the Civil Code, from attachment or mesne process and from levy and sale upon execution and from other final process issued from any court."

The character, kind, or value of the property claimed as exempt is not in issue here. The issue is narrowed to whether under the statutes cited the bankrupt was at the time he claimed exemptions the head of a family. The bankrupt challenged the conclusion of the referee as not in accordance with either the provisions, purpose, or intent of the statute. It has often been held that exemption statutes should be liberally construed and in construing them the ordinary canons of statutory construction should apply.

The rule of first importance here is to find the purpose of the statute and the legislative intent.

The plain purpose of the statute is to exempt to unfortunate debtors, who are heads of families, a modicum of comforts and necessaries of life for the support of the family against the proverbial rainy day.

The Legislature in defining the phrase "head of a family" (section 5626), plainly had in mind the definition as commonly understood, namely, at least two persons who live together in the relation of one family and on one of whom actually rests the responsibility for the care and welfare of the others.

Here, then, we have the unfortunate debtor and the relation of parent and child, combined with actual support. Only one more element of fact remains to make a clear case under the statute: Were Stearns and his daughter residing together on the premises occupied by the father at the time of the claimed exemptions within the meaning of the statute? The residence of the father was a hotel in this state. The temporary place of abode of the daughter was at a convent school where she had been placed and was being supported by the father. The father occasionally visited his daughter at the school, thus evidencing his parental solicitude for her welfare and by keeping and maintaining her there exercising his parental authority as head of the family. It is true the record does not affirmatively show an intent on the part of the daughter to return to and reside with the father at the expiration of her school period, nor affirmatively show that the father intends at the expiration of the school period to require his daughter to return and reside with him. This is not controlling, for, in the absence of a showing to the contrary, the presumption is that the daughter will return to the home of the parent who has been her shelter and support, even as a bee returns to its hive. The question is: Was the daughter at the time of the claimed exemptions residing with her father on the premises occupied by him within the meaning of the statute? While the decisions are not harmonious, the better and well sustained rule is that a child placed in school and there supported by her parent, during such absence at school, resides with such parent on the premises occupied by him within the meaning of the homestead and

exemption statutes. Morrison & Co. v. Murff (Tex. Civ. App.) 212 S. W. 212 and cases therein cited.

It follows, therefore, that at the time of the claimed exemptions Stearns was the head of a family within the meaning of section 5626 and section 7729.

Accordingly, the petition for review herein will be sustained, and the matter remanded to the referee for further proceedings in accordance with this opinion.